DORSEY & WHITNEY LLP
Bruce R. Ewing
51 West 52nd Street
New York, New York 10019
(212) 415-9200

Attorneys for Defendant
Park Avenue Wholesale, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
1724982 ALBERTA ULC,

         Plaintiff,

    v.

PARK AVENUE WHOLESALE, INC.,

         Defendant.

-------------------------------------------------------------X

Case No. 21-cv-4343-GHW-SLC

## DECLARATION OF TODD ANDOLINO
## IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER

Todd Andolino, under penalty of perjury, declares as follows:

1. I am the President and Chief Executive Officer of defendant Park Avenue Wholesale, Inc. ("Park Avenue"), and I submit this Declaration in support of Park Avenue's motion to transfer this case to the U.S. District Court for the Western District of New York. I have personal knowledge of the facts stated herein or have access to information and records that have allowed me to confirm these facts. If called as a witness, I would testify as follows.

2. Park Avenue is a family-owned business that was founded by my father in Buffalo, New York in approximately 1980.

3. Park Avenue is a New York corporation with its principal place of business located in Lackawanna, New York, which is just outside of Buffalo, in Erie County.  Park

Avenue has no offices outside of western New York, including in the New York metropolitan area.

4. Park Avenue designs, distributes, markets, advertises and sells clothing and other merchandise under various brands, including BUFFALO OUTDOORS, through retail and wholesale channels. It manages these activities from its principal office in Lackawanna, New York. All but one of Park Avenue's approximately 45 employees are located in western New York State; one resides in New Jersey

5. All of Park Avenue's business records are located in Lackawanna, New York. These records include financial, sales, accounting, design and marketing documents for BUFFALO OUTDOORS products.

6. The majority of Park Avenue employees and other individuals with knowledge of Park Avenue's use of the BUFFALO OUTDOORS trademark over time; the selection and adoption of that trademark; the goods with which that trademark has been used over time; the manner in which such goods have been advertised, promoted and sold; and the revenues and profits Park Avenue has generated on sales of BUFFALO OUTDOORS goods over time are located in western New York. Specifically, the following individuals all possess information relevant to this dispute and are either likely or potential witnesses that Park Avenue may call at trial in support of its claims or defenses:

a) Todd Andolino: As noted, I am the President and Chief Executive Officer of Park Avenue, positions I have held for approximately 20 years. I conceived of Park Avenue's BUFFALO OUTDOORS trademark in approximately 2001. I have knowledge of most aspects of Park Avenue's business relevant to this action, including, but not limited to, the goods with which the BUFFALO OUTDOORS trademark has been used over time; the manner in which

BUFFALO OUTDOORS goods have been advertised, promoted, marketed and sold; the customers that have purchased BUFFALO OUTDOORS goods; the pricing for BUFFALO OUTDOORS goods; the manner in which the BUFFALO OUTDOORS mark appears on Park Avenue goods; and the revenues and profits Park Avenue has generated on sales of BUFFALO OUTDOORS goods over time.

    b)  Tracy Coene, my sister, is the Vice President of Park Avenue and has served in that role for approximately 20 years.  Tracy is responsible for overseeing Park Avenue's retail store, which is located in Lackawanna, New York, and she also functions as Park Avenue's chief financial officer.  In that role, she is primarily responsible for maintaining Park Avenue's books and records in conjunction with Park Avenue's certified public accountant.

    c)  Taylor Andolino, my daughter, is the e-commerce manager for Park Avenue.  Taylor is responsible for online sales of merchandise, including BUFFALO OUTDOORS products, through eBay, Amazon and other online platforms, as well as wholesale orders for BUFFALO OUTDOORS products.  Taylor has knowledge concerning the manner in which BUFFALO OUTDOORS goods have been advertised, promoted, marketed and sold; the pricing for BUFFALO OUTDOORS goods; target customers of BUFFALO OUTDOORS goods; and the manner in which the BUFFALO OUTDOORS mark appears on Park Avenue goods.

    d)  Michael Morz is a Supervisor at Park Avenue.  Mr. Morz is responsible for overseeing Park Avenue's largest customer accounts and BUFFALO OUTDOORS wholesale orders.  Mr. Morz has knowledge concerning the manner in which BUFFALO OUTDOORS goods have been advertised, promoted, marketed and sold; the pricing for BUFFALO OUTDOORS goods; the types of customers that purchase such goods; and the manner in which the BUFFALO OUTDOORS mark appears on Park Avenue goods.

e) Duane McDonald is both an e-commerce retailer and customer of Park Avenue. Mr. McDonald, who is not now and has never been an employee of Park Avenue, has sold products bearing the BUFFALO OUTDOORS marks online and at Buffalo Bills games and other special events. Mr. McDonald is knowledgeable about the sale of products bearing the BUFFALO OUTDOORS marks through these retail channels; the manner in which goods are priced; consumer perceptions of such goods; and the absence of any confusion between the BUFFALO OUTDOORS trademark and the goods with which that mark is used, and the marks belonging to plaintiff that are at issue in this case.

f) Michael Masman is a non-party customer of Park Avenue and the owner of the printing company Buffalo Embroidery and Silkscreen. Buffalo Embroidery and Silkscreen purchases merchandise from Park Avenue and prints BUFFALO OUTDOORS T-shirts. Buffalo Embroidery and Silkscreen also provides embroidery services for BUFFALO OUTDOORS products. Mr. Masman is knowledgeable about his company's printing and embroidery services rendered in connection with BUFFALO OUTDOORS products for approximately the past seven or eight years, and he can testify about the types of apparel with which the BUFFALO OUTDOORS trademark has been used over that period of time.

g) Carl Kuntz is a former Park Avenue employee who served as one of the original store managers for Park Avenue. He is knowledgeable about the very first container of BUFFALO OUTDOORS products ever manufactured and sold, as well as subsequent sales of merchandise bearing the BUFFALO OUTDOORS marks.

h) Evan Steward is a Park Avenue Marketing Supervisor, a position he has held for approximately three years. He is responsible for assisting with the designs for BUFFALO OUTDOORS products, the manner in which such goods are promoted and sold, and the ecommerce website operated at <buffalooutdoorsclothing.com>.

i) Michael Falzone is a local customer of PAW. Mr. Falzone purchases BUFFALO OUTDOORS products from Park Avenue and resells them to other stores. He is knowledgeable about the goods with which the BUFFALO OUTDOORS trademark is used, the manner in which such goods are priced, the types of customers who purchase such goods, and the absence of any confusion between the BUFFALO OUTDOORS trademark and the goods with which that mark is used, and the marks belonging to plaintiff that are at issue in this case

j) Brian Carpenter is a former Manager at Park Avenue and worked directly on the BUFFALO OUTDOORS brand for many years. He is knowledgeable about the goods with which the BUFFALO OUTDOORS trademark has been used over time; the manner in which BUFFALO OUTDOORS goods have been advertised, promoted, marketed and sold; the customers that have purchased BUFFALO OUTDOORS goods; the pricing for BUFFALO OUTDOORS goods; the manner in which the BUFFALO OUTDOORS mark appears on Park Avenue goods; and the absence of any confusion between the BUFFALO OUTDOORS trademark and the goods with which that mark is used, and the marks belonging to plaintiff that are at issue in this case.

k) Jack Titus is a salesman and customer of Park Avenue. Mr. Titus, who lives near Syracuse, New York, is the most senior salesperson for Park Avenue. He is knowledgeable about the goods with which the BUFFALO OUTDOORS trademark is used, the manner in which such goods are priced, the types of customers who purchase such goods, and

the absence of any confusion between the BUFFALO OUTDOORS trademark and the goods with which that mark is used, and the marks belonging to plaintiff that are at issue in this case.

7. It would be burdensome for Park Avenue to participate in this case if it remains venued in New York, New York. Park Avenue is a relatively small business over which my sister and I have primary oversight responsibility. If we have to make regular trips to New York City to participate in this case, including at trial, then that will mean time away from our business and a fair amount of travel, whether by plane or by car. In contrast, we would be far better able to participate in this proceeding, and to secure the cooperation of non-party witnesses, if this case were to be transferred to the Western District of New York.

Executed on June 8, 2021.

_____
Todd Andolino